United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARY MCDANIEL,** | Case No.: 15-cv-5196 YGR |
| Plaintiff, | **ORDER TO SHOW CAUSE RE: CITIZENSHIP OF LLC MEMBERS** |
| v. | |
| **HILTON CONCORD,** *et al.***,** | |
| Defendants. | |

TO THE PARTIES AND THEIR COUNSEL OF RECORD:

Defendant Interstate Management Company, LLC, is **ORDERED TO SHOW CAUSE** why this case should not be remanded to the California Superior Court in and for Contra Costa County (the "state court") for want of subject matter jurisdiction.

Defendant removed this case from the state court on November 12, 2015. (Dkt. No. 1.) Defendant's sole stated basis for removal was diversity jurisdiction. (*Id.*) Specifically, Defendant alleged that the amount in controversy in this matter exceeded $75,000, that there was complete diversity of citizenship between the parties, that the matter therefore could have been brought under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a), and that removal was therefore appropriate under 28 U.S.C. § 1441(a)(1). The Court accepts Defendant's showing regarding the amount in controversy. This Order to Show Cause issues because Defendant has made an inadequate showing with respect to diversity.

A district court must remand a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles. Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

United States District Court

Northern District of California

1  The burden of establishing federal jurisdiction for purposes of removal is on the party seeking

2  removal.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  Doubts as to removability

3  are resolved in favor of remanding the case to state court.  *Matheson v. Progressive Specialty Ins.*

4  *Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

5      A diversity case may only be removed pursuant to § 1332 "if there is complete diversity

6  between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum

7  State."  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).  In this case, Defendant is an LLC, that

8  is, a limited liability corporation.  "[A]n LLC is a citizen of every state of which its owners/members

9  are citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

10  Accordingly, to establish diversity, Defendant must specify the citizenship of every state of which its

11  owners or members are citizens, and establish that Defendant, which holds citizenship in each of

12  those states, is not a citizen of California.  (*See* Dkt. No. 1. ¶¶ 9-10 (alleging that Plaintiff is a

13  California citizen).)

14      Here, Defendant has not carried its burden.  Rather, Defendant has specified only the state

15  under whose laws it was formed and its principal place of business.  (Dkt. No. 1. ¶ 13.)  Those facts

16  are responsive to the test for citizenship for a corporation, *see* 28 U.S.C. § 1332(c)(1), but for

17  diversity purposes, LLCs are treated like partnerships, not corporations, *Johnson*, 437 F.3d at 899.

18  "[D]espite the functional similarity between limited partnerships and corporations, a limited

19  partnership's citizenship for diversity purposes can be determined only by reference to all of the

20  entity's members."  *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) (citing *Carden v.*

21  *Arkoma Associates*, 494 U.S. 185, 195-96 (1990)).  The same holds true for an LLC.  *Johnson*, 437

22  F.3d at 899.  Accordingly, Defendant must specify the citizenship of each of its members to

23  demonstrate that it satisfies the requirement of complete diversity from Plaintiff, an alleged California

24  citizen.

25      No later than **Friday, December 4, 2015**, Defendant shall file a written Response to this

26  Order to Show Cause.  Defendant's response shall set forth the basis for its assertion of complete

27  diversity of citizenship from Plaintiff, and shall include declarations or affidavits supporting any

28  statements of fact, consistent with Civil Local Rule 7-5.

The Court **SETS** an Order to Show Cause hearing on **Friday, December 11, 2015** at **9:01 a.m.** in the Federal Courthouse located at 1301 Clay Street in Oakland, California, Courtroom 1.  If Defendant has timely filed its Response, the hearing shall be taken off calendar and no appearance shall be required.  Failure to file a Response timely may result in sanctions and remand to state court for failure to make a jurisdictional showing.

**IT IS SO ORDERED.**

Dated: November 18, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court

Northern District of California